LAWRENCE GOSS v. THE STATE.

No. 125.   Decided November 24, 1909.

Rehearing denied January 12, 1910.

**1.—Local Option—Search—Contemporaneous Transaction.**

Where, upon trial of a violation of the local option law, the State introduced testimony that the search was made of the defendant's premises by the officers, and some whisky was found therein some seven weeks before the alleged sale, such possession of said whisky was not contemporaneous with the alleged sale, and the same was inadmissible; however, as the defendant did not object to this testimony on this ground, but objected to it altogether, there was no error.

**2.—Same—Contradicting Own Witness.**

Where, upon trial of a violation of the local option law, the State's witness had not testified to facts injurious to the State, but had simply contradicted another State's witness, and had testified favorably for the defendant, it was reversible error to permit the State to introduce an ex parte statement of the first State's witness for the purpose of impeaching him; besides, there was no charge of the court limiting said testimony to the purpose of impeachment.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and forty days confinement in the county jail.

The opinion states the case.

*S. F. Leslie,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a judgment had in the County Court of Fannin County on April 8, of this year, in which appellant was found guilty of a violation of the local option law and his punishment assessed at forty days confinement in jail and a fine of $30.

1. The evidence in the case is not very satisfactory but is, we think, sufficient on appeal to sustain the verdict of the jury and the action of the court in overruling the motion on this ground. As stated by counsel for appellant most of the exceptions taken by him on the trial are rendered harmless by explanations and statements of the court. The only two questions which could, in any event, avail him are those presented in his brief and which are well presented and which we have carefully considered. On the trial the State introduced one Bridge, Sheriff of Fannin County, who testified that under process he searched the house occupied and controlled by defendant and found therein some whisky; that this was about the first day of September, 1908, and the sale was alleged to have been made on or about the 22d day of October, 1908. The evidence of the witness Carter, to whom the sale was alleged to have been made, fixes the transaction as having occurred about the 17th of October, 1908. The exception of appellant to this testimony is quite full and in the absence of explanation, we should not hesitate, under the authority of Myers v. State, 52 Texas Crim. Rep., 558, to reverse the case. It is there held that where evidence of the possession of liquor is admitted at all, such admission can only be justified where the possession of same is reasonably contemporaneous with the time of the alleged sale. In this case some seven weeks had intervened. However, in his explanation to the bill the court makes this statement: "The only objection made was a general objection to sheriff testifying as to seizure at all, which was overruled. Afterwards sheriff stated time of seizure, but at that time no objection was made, or exception taken. I do not certify that evidence failed to show defendant operated place at time of sale, etc., or that grounds of objection to that effect were offered." Now, in passing on exceptions it is evident that this court must, in the nature of things, be guided by the explanations of the trial judge. Certainly this is true where the bill, as explained,

is accepted and no effort is made to prove up the exception by by-
standers. Testing the bill by this rule, it is obvious that the objection
can not be sustained. If, when this testimony was offered, the time
of seizure and finding of liquor in appellant's possession was not
stated it was within the power of appellant to have developed this
fact preliminary to making objections, or to have made the ob-
jection that in the absence of a showing that such possession was
contemporaneous, the testimony was not admissible, but, as the ex-
planation of the court discloses, the objection was that the testimony
was not admissible at all. The reason of the rule requiring counsel
to point out the objection to testimony, is that in fairness to the court
below such court may have an opportunity of passing intelligently
upon the admissibility of the evidence. Testing the bill by the
court's explanation this was not done in this case. Under certain
circumstances, the testimony was admissible. The objection is, in
substance, to the effect that under no circumstances was it admissible.

2. The other matter presented is the action of the court in per-
mitting the county attorney to prove by the witness Will Slagle the
making of a certain affidavit by him and permitting same to be
offered in evidence. This affidavit was to this effect: "I sold some
cotton in Honey Grove. My family do most of their trading at
Price's in Honey Grove. I have not bought any whisky in Honey
Grove any time this fall. I have not gotten any whisky for myself
or for anyone else in Honey Grove this fall. I do not know of
·anyone who has gotten any whisky in Honey Grove this fall. I have
not seen any whisky delivered to anyone in Honey Grove this fall.
I stayed at the Lahue Hotel in November one night and one night
last week I stayed at P. M. Price's." This affidavit was made on the
8th of December, 1908. It is objected to because irrelevant and
immaterial and as having no bearing on any issue in the case; that
said statement was not made in the presence or hearing of the de-
fendant; that the same was offered for the purpose of impeaching
the testimony of the witness Will Slagle, who was a State's witness
and who did not testify to any facts injurious to the State's case.
This matter is evidenced by three separate bills. In one of the bills
the court makes the explanation that the witness Slagle had contra-
dicted the State's witness Carter on several material points and was
generally hostile to the State and the State claimed to be surprised
at his statements. An inspection of the record discloses the fact that
the testimony of the witness Slagle does contradict the testimony of
Carter in several particulars. The court's explanation is further to
the effect that the witness was generally hostile to the State and that
the State claimed to be surprised at his testimony. We do not our-
selves see that the affidavit or statement of the witness Slagle was
important to the State, but same was prejudicial to appellant. Slagle,
in his testimony, did admit getting a half pint of whisky from a

negro, but his evidence tended strongly to exculpate appellant. The testimony of Slagle was favorable to appellant. The introduction of this general affidavit in which he denies having obtained any whisky at all, either for himself or anyone else was calculated to break down the confidence of the jury in his testimony and to put him in a bad light before them. In view of the possession by the State of this affidavit, it is not very well seen how the State could have claimed any surprise at the testimony of this witness. The testimony at best is fragmentary and uncertain. This witness was a relative of the appellant. His testimony tended to exculpate appellant and, as stated, was distinctly at variance with and contradictory to the testimony of Carter. In this state of the proceedings to permit the introduction of this ex parte statement was well calculated to deny to appellant the benefit of the evidence of this witness. It seems to be a universal rule, thoroughly well settled in this State, that before any party will be permitted to impeach its own witness, such witness must have testified to facts injurious to their case, and the simple failure to prove a fact by one's own witness will not entitle him to impeach the witness. Dunagain v. State, 38 Texas Crim. Rep., 614, and Finley v. State, 47 S. W. Rep., 1015. Again, if the testimony was admissible for any purpose, it was the duty of the court to instruct the jury that same would be considered for the purpose of impeachment and for no other purpose. We would not reverse the case for the failure of the court to so charge, since no exception was taken on this ground and a proper charge presenting the matter requested. In view of the entire record, we think the error of the court in permitting this testimony was prejudicial to the rights of appellant and on this ground the judgment of conviction should be set aside and it is so ordered.

*Reversed and remanded.*

Brooks, Judge, absent.

[Rehearing denied January 12, 1910.—Reporter.]