### WILL POLK v. THE STATE.

No. 1858.  Decided June 5, 1912.

**Adultery—Name Alleged in Indictment—Variance.**

Where, upon trial of adultery, the indictment alleged that defendant lived together in adultery with Cozett Tutt, a woman, etc., and the evidence showed that the said woman was known by that name as well as Cozetta Tutt and Cozetta Houston, there was no variance between the allegation and proof.

Appeal from the County Court of Leon.  Tried below before the Hon. W. D. Lacey.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of adultery, his punishment being assessed at a fine of $100.

The indictment charges that he lived in adultery with Cozett Tutt, appellant being a married man at the time, his wife being Melvina Polk.  The evidence discloses that Will Polk and Cozett Tutt lived together in the same house and had carnal intercourse with each other in Leon County, on or about the first day of August, 1910, and that appellant was then and there lawfully married to Melvina Polk, who was then and there living.  That said Will Polk is an adult male,

and Cozett Tutt is a female. The State proved by Julia Proctor and J. C. Clay that the defendant Cozett Tutt was known in the neighborhood in which she lived as Cozetta Tutt as well as by the name of Cozetta Houston. W. P. St. John, justice of the peace, testified that he held that office, that a complaint was filed against the female defendant herein under the name of Cozetta Tutt charging her with disturbing the peace before him as such justice of the peace, and that she plead guilty to such charge under the name of Cozetta Tutt, and did not suggest that she was known by any other name. The above is the State's case.

Appellant introduced evidence of three witnesses, two by the name of Dickey and one by the name of Brownlee, who testified that they had known the female defendant Cozetta Tutt, and that her maiden name was Cozetta, Proctor; that she married Sam Houston; that they had known her several years and had never known her by any other name than the name of Cozetta Proctor and Cozetta Houston; that they had never heard of her being named Cozetta Tutt. One of the Dickeys and Brownlee testified that said Cozetta Houston had worked for them two or three years. The marriage record of the county was introduced showing that Sam Houston and Cozetta Proctor were married in that county on the 13th of August, 1906. Defendant also introduced the divorce record of the District Court of Leon County, and plaintiff's original petition showing that Sam Houston was divorced from Cozetta Houston in 1909. That is the defendant's case.

The court charged the jury as follows: "If you believe from the evidence that the name of Cozett Tutt as she is called in the indictment is or was, at the time the indictment was returned, to wit, August 1, 1910, was really Cozetta Houston and not Cozett Tutt as alleged in the indictment, then you will return a verdict of 'not guilty' as to her, but the fact that she has been indicted under the wrong name would not excuse Will Polk, and if you believe from the evidence beyond a reasonable doubt that the defendant Will Polk did live together and have carnal intercourse with Cozett Tutt or Cozett Houston whatever her name was at the time the indictment was returned, as the same has been hereinbefore defined then you will convict the defendant Will Polk and assess his punishment," etc. Exception was reserved to the above section of the charge on the ground that there was a variance between the name of the female with whom he is charged with having adulterous intercourse and that shown by the evidence, in that appellant was charged with having adulterous intercourse with Cozetta Tutt and the proof shows he had adulterous intercourse with one Cozetta Houston, and the court should have charged the jury that if they believed from the evidence that the true or real name of his codefendant was Cozetta Tutt that they should acquit. We are of opinion these objections are not well taken. Under the evidence she was known as well by one name as the other. Under the authorities it occurs to us this was sufficient.

It is also contended the evidence is not sufficient to support the conviction for the reasons indicated in the objections to the charge that there was a variance in the name. As the record presents the matter we are of opinion there is no sufficient reason shown for reversal, and the judgment is affirmed.

*Affirmed.*