M. MARTINEZ v. THE STATE.

No. 6897.   Decided April 26, 1922.

1.—Forgery—Jury and Jury Law—Practice in Trial Court.

Where the clerk called the names of the first twelve men upon the list, among them being the name of Henri Therrien, who failed to respond, and the court then instructed the clerk to call the next name on the list, which was that of R. E. Lee, to which defendant objected and asked the court to compel the attendance of the juror Therrien, but it did not appear from the record that said juror had been in attendance or whether his name was properly on the list, and the accepted juror was not disqualified in any way, there was no reversible error.

2.—Same—Evidence—Bill of Exceptions—Practice in Trial Court.

Where bills of exception to certain evidence, with reference to the transfer of money and the reason why the defendant did not pay the beneficiary, was because the latter had been divorced, etc., and did not meet the requirements of the rule relative to bills of exception the same cannot be considered on appeal.

3.—Same—Bill of Exceptions—Evidence.

Where the bill of exceptions failed to state what the answer of the witness was, same cannot be considered on appeal.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*B. L. Palmer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for forgery. Punishment was assessed at four years confinement in the penitentiary.

The wife of Vasilio Rodriguez was a member of the Security Degree of the Woodmen of the World, holding an insurance policy for one thousand dollars, payable to her husband as beneficiary. At the time of the transaction complained about appellant was clerk of the Lockhart Woodmen lodge and there came into his possession in payment of the insurance policy the following warrant or check:

"Claim No. 722 Sovereign Camp of the Woodmen of the World.

No. 3 90192

Morris Sheppard, Sovereign Banker Omaha, Neb. Security Degree

July 11, 1921.

When attached receipt is properly signed from the beneficiary Fund pay Vasilio Rodriguez, or order $820.22.
Eight Hundred Twenty Dollars Only in Current funds.
To United States National Bank.
27-5 Omaha, Neb.
Or American Exch. Nat'l. Bank, W. A. Fraser, Sovereign Commander
1-21 New York City                J. T. Yates, Sovereign Clerk

Do not detach

At Houston State of Texas

Received this twentieth day of July 1921, of the Sovereign Camp of the Woodmen of the World the sum of Eight Hundred Twenty and 22/100 dollars, in full payment of all benefits due and payable to me as beneficiary under Certificate No. J-149961, Texas, issued by the Sovereign Camp, Woodman of the World, to Augustina Charrez, 3433, Houston, Texas.

M. Martinez ⎱ Witnesses            Signed     Vasilio Rodriguez."
M. M. Derrera ⎰

The indictment alleges that appellant forged the indorsement of Vasilio Rodriguez on the back of such check. The latter party disclaimed having indorsed the check or having signed the receipt in the presence of appellant and one Derrera. The proof shows that appellant cashed the check in question. He claims that Vasilio Rodriguez indorsed the same and also signed the receipt in his (appellant's) presence and that of the other subscribing witness Derrera.

91 Tex.—37

Derrera did not appear as a witness upon the trial and appellant claims not to have known of his whereabouts at that time. The evidence of other witnesses was to the effect that they knew of no such party. Handwriting expert testified that the same party who wrote the indorsement on the back of the check also signed the same name to the receipt and also the names of the witnesses, Martinez and Derrera. After appellant cashed the check he paid certain moneys for funeral expenses and doctor bills which Rodriguez denied knowing he was doing or having authorized him to do. Appellant excuses himself for not having turned the remainder of the money over to Rodriguez on the ground that he and his wife were divorced at the time of the latter's death, and that he was holding the money until he could ascertain to whom it was justly payable.

In organizing the jury, after the attorneys representing the State and appellant had made their peremptory challenges and returned the lists to the clerk, he called the names of the first twelve men remaining upon the list. among them being the name of Henri Therrien; that said juror failed to respond to his name when so called by the clerk, and the court then instructed the clerk to call the next name upon the list which was that of R. E. Lee. Appellant objected and asked the court to compel the attendance of the juror Therrien in order that he might serve as a juror in the case. The foregoing sets out substantially the entire bill. It does not appear therefrom that the juror Therrien had been in attendance upon court. nor whether his name was properly upon the list or not. The only information is that when Therrien failed to answer the court directed the clerk to call the next man, whose name was Lee. There is no pretense but that Lee was a fair juror, and we would understand from the bill that his name had remained upon the list at the option of both appellant and the State. In the condition of the bill we are unable to see that the court committed any error relative to the juror Therrien, but are bound to presume that his action was regular in the premises, and that there was no reason why the court should have delayed the trial in order to make an investigation as to the absent juror, if in fact he had ever been in attendance upon the court.

It appeared from the testimony that appellant had transferred the money collected on the check in question from the Houston bank to a bank in Lockhart instead of paying it over to Vasilio Rodriguez. While testifying in his own behalf appellant was asked by counsel for the State why he had made such transfer instead of paying it to the beneficiary. Appellant replied that he had not paid it to Rodriguez because the latter being divorced from the insured was not entitled under the laws of the Woodmen of the World to receive the money. Bill of exception No. 2 recites that appellant then offered in evidence "certain laws of the said Woodmen of the World for the purpose of showing that the said Rodriguez was not entitled to receive said money." Bill No. 3 recites that in the same connection he offered in

evidence a certified copy of a decree of divorce showing that Rodriguez and his wife had been divorced in Caldwell County in November preceding the death of the said wife. The offered testimony was excluded on objection of the State. The bill relative to the purported laws of the Woodmen of the World does not set out the laws or rules so offered by appellant, and the statement in the bill that they were offered for the purpose of showing that Rodriguez was not entitled to receive the money is only a conclusion. The bill does not meet the requirements of the rules relative to bills of exception. Section 212, page 135, Branch's Anno. Penal Code. Bill No. 3 relative to the purported decree of divorce is in the same condition. It does not set out the certified copy of the decree of divorce which was offered, but only states what the certified copy would have shown.

Appellant complains that while he was testifying counsel representing the State asked him "what became of the other Woodmen money?" whereupon his counsel objected to inquiry as to any money not connected with the check in question. The bill recites that the court overruled the objection and required appellant to make answer thereto, but fails to state what the answer was, and therefore we are without information which would enable us to pass intelligently upon the complaint urged. Where complaint is made that the court improperly admitted evidence it is imperative that the bill of exception show what the evidence was so received over objection. Section 210 Branch's Anno. Pen. Code.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*