## Henry Rhodes v. The State.

### No. 8421.   Decided May 14, 1924.

### Rehearing denied June 18, 1924.

**1.—Manufacturing Intoxicating Liquor—Declarations of Defendant.**

It is too well settled in this State to call for discussion, that if one charged with crime makes statements relative thereto. found to be true and which conduce to establish his guilt, that said statements will be received in evidence, regardless of whether defendant be under arrest or not, unwarned or be induced to make such statements.

**2.—Same—Confession—Evidence.**

There was no error in the court's refusal to strike out that part of the confession in which defendant said that he was making the liquor to sell and sold it in a certain town.

**3.—Same—Sufficiency of the Evidence—Confession.**

The contention of appellant that the conviction rested on his naked confessions is without merit, and the testimony is amply sufficient to support the conviction.

**4.—Same—Confession—Former Acquittal—Period of Limitation.**

Where appellant filed a plea in bar asserting that he was not liable to prosecution because he was testifying in said confession against others and also that he had been tried and acquitted upon a charge for manufacturing intoxicating liquor in January, 1923, and that said transaction embraced the instant prosecution, but the record showed that the jury's verdict found ample support in the fact that the testimony showed appellant to have committed the offense more than once within the period of limitation, there is no reversible error.

**5.—Same—Requested Charges—Plea in Bar.**

Where the requested charges relative to defendant's plea in bar were fully covered by the main charge given upon this subject, there is no reversible error.

**6.—Same—Suspended Sentence—Charge of Court.**

The court correctly refused to submit the law of suspended sentence, the facts plainly showing the accused to have been over twenty-five years of age, and the first part of defendant's plea in bar was correctly omitted in the charge of the court.

**7.—Same—Rehearing—Confession—Fruits of Crime.**

The record in the instant case shows that appellant accompanied his confession to the officers that he had made whisky, by discovering to them the apparatus with which he made same during the years 1922 and 1923, there is no reversible error, and the motion for rehearing is overruled.

Appeal from the District Court of Milam. Tried below before the Honorable John Watson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Milam County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Officers went to appellant's home and found therein mash and a small quantity of whisky; the bottle containing the latter was attempted to be concealed by appellant's wife by throwing it under the house. The officers led appellant to believe that they had evidence against him of sales of whisky and advised him to come clean and he would get a light sentence. Thereupon he took the officers out in his pasture a short distance from his home and dug up a couple of stills which were there concealed and which showed evidence of use and consisted of worms. cans, mash barrels, etc., with which liquor could be manufactured. The entire apparatus was buried in the ground and covered with earth, brush and leaves. Appellant was then placed in jail. A day or two later he was taken to the county attorney's office where he was duly warned and made a written confession, same being in conformity with the requirements of Art. 810, C. C. P., which was also introduced in evidence.

The raid upon appellant's premises was made on March 23, 1923, and the confession was taken the next day and sets out in detail appellant's manufacture of liquor in January, 1922, and at intervals thereafter during that year, and also sets out another transaction occurring in January, 1923.

Referring to a number of complaints both in the nature of objections to evidence and special charges asked and refused, we observe that it is too well settled to call for discussion that if one charged with crime makes statements relative thereto found to be true and which conduce to establish his guilt, said statements will be received in testimony regardless of whether he be under arrest, unwarned or be induced to make such statements by promises or threats, etc. The law seeks truth, and primarily rejects unwarned or involuntary or induced statements of those in custody, because of the danger to truth resulting from such situation; but when such statements lead to the discovery of facts establishing guilt, or when such statements then unknown to be true are verified by subsequent discovery of guilty facts showing them to be true, they become admissible. Under subdivision 12, Art. 810, Vernon's Annotated C. C. P., and in Sec. 63 of

Mr. Branch's Annotated P. C. are collated numerous authorities sustaining this proposition. This is said as disposing of the various contentions relative to statements made by appellant to the officers after they came to his house; the fact that from him they obtained information which led to the discovery of the stills found on his premises; the confession made to the county attorney, and the special charges relating to these various phases of the testimony.

Appellant's bill of exceptions No. 6 presents his objection to the action of the court in refusing to strike out that part of the confession in which he said that he was making the liquor to sell and sold it in a certain town. We perceive no error in the court's action in this regard.

We think the testimony amply sufficient to support the conclusion of guilt, and that the contention that the conviction rested on the naked confession of appellant is without merit.

Appellant filed a plea in bar asserting that he was not liable to prosecution because he was testifying in said confession against others; also that he had been tried and acquitted upon a charge for manufacturing intoxicating liquor in January 1923, under which charge and the testimony introduced he might have been convicted of the act, transaction and offense embraced in the instant prosecution. The matter of his former acquittal was submitted to the jury in the charge and by them decided adversely to appellant. He was charged in the case resulting in an acquittal with manufacturing intoxicating liquor on January 4, 1923, and the charge of the court submitting the case to the jury therein shows that the jury's consideration was restricted to an offense committed on or about said date. There was nothing in the charge telling the jury that they could convict if they found the offense to have been committed within the period of limitation. In the instant case the date alleged in the indictment was January 10, 1922, and the charge submitted the issue of an offense committed on that date. The State's proof showed appellant to have committed the offense a number of times during the year 1922. Under all of our authorities where one pleads former acquittal the burden is upon him to establish the identity of the offense for which he was tried and acquitted, with that involved in the instant transaction. The charge of the court submitting the issue to the jury seems to have been objectionable to appellant except as reflected by the requested charge No. 7. The jury's verdict finds ample support in the fact that the testimony shows appellant to have committed the offense more than once within the period of limitation.

There are several special charges relating to the confession based on the propositions of law already considered. Special charge No. 7 relative to the plea in bar was fully covered by the main charge given on this subject.

The court correctly refused to submit the law of suspended sentence,

the facts plainly showing the accused to have been over twenty-five years of age. There appears no testimony in the record supporting the first part of appellant's plea in bar and it was correctly omitted from the charge of the court.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 18, 1924.

LATTIMORE, JUDGE.—We do not think the cases of Alderson v. State, 111 S. W. Rep., 412 and Goss v. State, 124 S. W. Rep., 107, announce rulings of this court analogous to or similar to those involved in our former opinion. The record in this case shows that appellant accompanied his confession to the officers that he had made whisky, by discovering to them the apparatus with which he had made same during the years 1922 and 1923. In his written confession detailing the making of whisky during the former year he refers to his still and mash barrels, and these when found by the officers displayed evidence of use. We think this puts the case on an entirely different footing from one in which the naked confession standing alone is held not to show the corpus delicti; and also disposes of the objection that the evidence of the finding of the still, etc. is too remote from the act of manufacture charged in the instant indictment, to be admissible herein. This conclusion of ours seems to dispose of the other contentions made in the motion which seem not to call for any discussion.

The motion for rehearing is overruled.

*Overruled.*