## GARLAND v. STATE.

### No. 13480.

Court of Criminal Appeals of Texas.

June 25, 1930.

Rehearing Denied Oct. 15, 1930.

Reasonover & Reasonover, of Denison, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

MARTIN, J.

Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Officers observed appellant driving his car along a public road in the nighttime without lights. Appellant stopped, took a package out of his car, and set it down in the grass. He then drove on in his car, and in a little while came on foot back to the same point where the package was deposited. He was arrested, and an examination of the package disclosed that it contained six gallons of whisky in fruit jars. This transaction occurred near Van Alstyne in Grayson county. Appellant was living at the time in Dallas county. It appears defensively for appellant that he had no whisky in the car, and had come to the point where he was arrested for whisky, which he had theretofore arranged to procure from one Lester Morgan.

Error is alleged in the refusal of appellant's application for continuance on account of the absence of witness Hudgins by whom appellant alleges he could prove that such witness accompanied him on the trip in question and was continuously with him until just a few minutes before his arrest, and who would testify, if present, that there was no whisky in appellant's car on the trip. It sufficiently appears by a qualification to appellant's bill presenting this matter that his motion for a continuance was a subsequent one. It further appears in such bill that on the 11th day of October, 1929, appellant filed his application for a subpœna for this witness, that such subpœna was issued on the 1st day of November thereafter, and sent to the sheriff of Dallas county, who made his return on November 23d with the notation that Hudgins was in California at that time. The long delay from October 11th to November 23d is nowhere explained. About twenty days elapsed from the date appellant filed his application until a subpœna was issued. The sheriff's return shows that it "came to hand on the 22d day of November." This showing of diligence is plainly insufficient. For aught that appears here, this witness was in Dallas county and could have been subpœnaed if appellant had used diligence to prevent the long delay appearing between October 11th and November 22d. It has been stated: "Nothing is to be presumed in aid of a subsequent application. It must show that the applicant has been guilty of no laches or neglect." Vernon's Texas C. C. P. (1925), art. 544, note 2, citing Henderson v. State, 5 Tex. App. 134; Deckard v. State, 58 Tex. Cr. R. 34, 124 S. W. 673; Goode v. State, 57 Tex. Cr. R. 220, 123 S. W. 597.

By bill of exception No. 2, appellant presents as error the refusal of the court to

permit the contents of a certain letter to be read in evidence. The bill fails to incorporate a copy of such letter in the bill of exception, and we are unable to appraise the merits of the contention. Martinez v. State, 91 Tex. Cr. R. 576, 240 S. W. 550.

It is strenuously insisted that certain arguments of the county attorney were of such prejudicial character as require a reversal. This bill extends over several pages, and its length precludes here setting it out. Some of the objectionable language is as follows: "Why is he a wholesaler. You have twelve half gallon jars in the automobile and you drove it in the night time in Grayson County, with your lights out, down the public road, and you stopped and Frank Trotter who has known you for years saw you take it out of the car, saw you carry it across the road, and saw you hide it in the bushes." The contention is made here that there was no evidence that appellant was a bootlegger, and that the above language and other language of like character was of such a prejudicial character as probably influenced the verdict of the jury. Appellant received the minimum penalty. The evidence of his guilt we think is plain, and we are not able to say that the inference that appellant was a bootlegger was entirely without basis in the record. The above language appears to have been used in immediate connection with an appeal by the district attorney for a penalty above the minimum. He failed to get this. Such matters must be appraised in the light of the entire record and penalty assessed, and, thus measured, we do not think the argument complained of demands of us a reversal.

Appellant's exceptions attempting to raise the question of the court's failure to charge on circumstantial evidence are regarded as insufficient to raise the points, and will not be discussed.

Finding no error in the record, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J.

Appellant again insists that his application for a continuance should not be treated as a subsequent application. No dispute appears of the fact that appellant's case was postponed at his request prior to its call for trial when this application for continuance was made. The law is plain. When presented upon this call for trial, it became and was

a second application for continuance. Mullin v. State (Tex. Cr. App.) 24 S.W.(2d) 423; Green v. State (Tex. Cr. App.) 23 S.W.(2d) 721; Brannan v. State, 108 Tex. Cr. R. 418, 1 S.W.(2d) 279; Ferguson v. State, 101 Tex. Cr. R. 670, 276 S. W. 919.

We have again examined and considered each of the other complaints in the motion. The argument set out at length in the bill of exceptions prepared by the court seems to have been based chiefly on the deductions of the county attorney from testimony before the jury. Another argument, which the jury were instructed at appellant's request to disregard, seems to have been considered and properly disposed of in the original opinion.

The motion for rehearing is overruled.