### WELCH v. STATE.
No. 21424.

Court of Criminal Appeals of Texas.
Nov. 5, 1941.

For former opinion, see 154 S.W.2d 248.

Herman Wright and Chris Dixie, both of Houston (Gunter & Watson and Alto V. Watson, II, all of Port Arthur, and King C. Haynie, of Houston, of counsel on motion for rehearing only), for appellant.

E. W. Easterling, of Beaumont, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant has presented an application for leave to file a second motion for rehearing, complaining that in both the original opinion and opinion on rehearing we either ignored or overlooked his bill of exception number twelve, in which he asserts error of the trial court in denying the introduction of an instrument called a "cost ascertainment sheet," a record of the post office at Port Arthur, Texas.

It is extremely doubtful whether the bill in question should be considered at all. The document itself is not set out in the bill, but it is stated only that the said document "showed" certain stated things. This is exactly the situation in Martinez v. State, 91 Tex.Cr.R. 576, 240 S.W. 550. There the document offered and rejected was a petition for divorce. The petition was not incorporated in the bill, but it was only stated therein what the petition would have shown. The bill was held bad. See also Garland v. State, Tex.Cr.App., 31 S.W.2d 449. The question presented in said bill was discussed in the original opinion.

Waiving the informality in the bill, and assuming that the substance of the instrument offered is sufficiently certified, we think the bill presents no error. Appellant's defense was alibi. Two witnesses who worked at the post office testified that they saw appellant at the post office several miles away from the scene of the kidnapping at the time state's witnesses fixed the offense. It is certified in the bill that the "cost ascertainment sheet" showed: (1) That said record showed that the two witnesses were working in the post office at the time of the alleged kidnapping; (2) that according to said record that was the only occasion the two witnesses were on duty at the same time; (3) that the record was compiled from original entries made by the two witnesses themselves simultaneously with the occurrences which the entries reflected. When the document was offered the State objected on the ground that it was hearsay and immaterial. It will be observed that it is not certified in the bill, nor claimed, that any entry reflected by the "sheet" was made by either of the witnesses in connection with any business either of them had with appellant or which in any way reflected appellant's presence in the post office at the time claimed by the witnesses. The entries only showed the

presence of the witnesses together in the post office at said time. The entries threw no light on the claim of the witnesses that they saw appellant there. It occurs to us that a similar state of affairs would arise if A and B while together in an automobile at a certain point on the highway claimed to have seen C rob D, and in order to support their story as to what they claimed to have seen, offered testimony that they were in fact together in an automobile at this certain point, and therefore saw C rob D. We think the failure of appellant to notice the distinction pointed out has led him to cite authorities which in our judgment do not support his position that the "cost ascertainment sheet" was admissible in evidence. In McCoy v. State, 106 Tex.Cr.R. 593, 294 S.W. 573, accused was charged with murder. His defense was alibi. He claimed to have been in Shreveport on Sunday night, at which time he assisted in taking a young lady to the hospital. The records of the hospital were introduced by the State, said records showing that the young lady was not admitted to the hospital until Monday night, thereby bearing directly on the question of appellant's presence there on Sunday night. In Leach v. State, 80 Tex.Cr.R. 376, 189 S.W. 733, the inquiry was whether Leach was riding on a train on a certain Sunday. A witness would have testified that at that particular time he saw Leach at Sunday school, and this evidence, and the Sunday school records showing Leach's presence at Sunday school, was offered, rejected and held error,—why? The entry on the records showed Leach's presence at Sunday school, not the presence of a witness who claimed to have seen Leach there. Appellant also cites State v. Harris, 334 Mo. 38, 64 S.W.2d 256—a Missouri case—in which accused was charged with robbery. The defense being alibi, he offered a receipt given by a witness to accused and the entries in an account book made by said witness tending to show the presence of accused, not the witness, at a place other than where the robbery occurred. The Supreme Court of Missouri held that it was error to reject the evidence, citing among other cases Leach v. State, supra.

For the reasons given it is our opinion that bill of exception number twelve does not reflect error.

Appellant's request for leave to file second motion for rehearing is denied. .