## JOHN AMOS COLEMAN V. THE STATE.

No. 23948. Delivered March 3, 1948.
Rehearing Denied April 21, 1948.

*Harvey P. Shead,* of Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, *Fred Erisman* and *Cecil Storey,* all of Longview, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment is death.

The record reflects that the injured party was employed at the Landon-Cummings Cafeteria; that on the night of July 5th, 1947, she was relieved from duty a few minutes before ten;

that she took a bus to go to her home near La Famo at which time appellant also boarded that bus; that when the bus arrived at La Famo she got off and started walking home. The moon was shining and some flares were burning near the route from La Famo to her home. After she had walked some distance appellant approached her and said, "Don't be afraid, I won't bother you." He then hit her and when she screamed he choked her. He then knocked her unconscious, dragged her into some bushes and ravished her. This occurred near the home of Mr. Early. After he had completed the act and had released her, she ran to Mr. Cooper's home screaming for help and was taken to a hospital for medical treatment since she had been roughly treated and was covered with blood from head to foot. Appellant was arrested at his home on the same night, and subsequently made a written confession in which he admitted that he assaulted the injured party. The prosecutrix also identified him as the party who had ravished her at the time and place in question. After his arrest, he informed the officers that when he arrived home he undressed and took his clothing and placed it in a water hole about 85 steps from his home. The knife with which he cut his victim was found hidden in a vase as a result of the information given by appellant to the officers. The knife and clothing had, according to the testimony of the chemist, human blood on them.

Appellant took the witness stand and admitted that he rode the bus; that he got off the bus at La Famo, but that he was so highly intoxicated that he did not know anything of what happened, if anything. The foregoing is a brief summary of the salient facts proved on the trial.

Appellant's first complaint relates to the introduction in evidence by the State of the wearing apparel which appellant wore on the night in question. He objected to its introduction in evidence on the ground that he had been identified by the prosecutrix; that no proper predicate had been laid for the introduction of said clothing; that the same was highly inflammatory and calculated to inflame the minds of the jury. The court qualified the bill by stating that appellant disclaimed making any assault upon the prosecutrix. It further appears from the record that he claimed he was so drunk that he was not in a condition to have committed the act in the manner and by the means testified to by prosecutrix. The presence of human blood on his wearing apparel tended to prove that a great struggle had ensued and much force was resorted to by him in order to accomplish his purpose. It seems to be the general rule that

articles of wearing apparel which are shown to have belonged to the accused and which tend to elucidate some issue in the case are admissible in evidence. See. Early v .State, 9 Tex. App. 476; Williams v. State, 115 Tex. Cr. R. 28; Tex. Jur., Vol. 35, page 824, Sec. 40; and Tex. Jur., Vol. 18, page 337, Sec. 209.

Bill of Exception No. 2 is, in our opinion, without merit. The prosecutrix's maiden name was Edith Smith. Some few years prior to the commission of the offense she had been married to a man by the name of Jones and was divorced; that after the divorce she again assumed the name of Edith Smith and was known by that name. Where a person is known by one name as well as another, there is no variance. See Polk v. State, 148 S. W. 311; Hunter v. State, 8 Tex. App. 78; Bird v. State, 16 Tex. App. 531; Lott v. State, 24 Tex. App. 723; Shores v. State, 150 S. W. 776; Branch's Ann. P. C., pages 237 and 238, Sec. 460, and authorities there cited.

Bills of Exception Nos. 3 through 7 relate to the same subject matter and may be considered and disposed of together. In these bills he complains of the testimony given by the arresting officers relative to what appellant told them which led to the recovery of the knife with which he cut prosecutrix's throat and the recovery of the clothing which he wore at the time of the commission of the offense, the grass on his shoes, etc. As a result of the information which he gave the officers, they found the knife with blood on it in a vase and they found his clothing with blood stains on it in a water hole some distance from his home. We think this testimony was admissible under Art. 727 C. C. P. See also Wesley v. State, 147 S. W. (2d) 493; Nicholson v. State, 91 Tex. Cr. R. 383; Young v. State, 94 Tex. Cr. 195; and Rhodes v. State, 97 Tex. Cr. R. 602.

By Bill of Exception No. 8 he complains of the testimony of the sheriff to the effect that he, the sheriff, took some scrapings from under the finger nails of appellant which were taken to the Department of Public Safety where they were examined by the chemist who testified what he discovered as a result of his examination thereof. Appellant objected to this testimony on the ground that he was forced to give evidence against himself in violation of Art. 1, Sec. 10, of the Constitution of this State. We do not think so. In scraping his finger nails, the officers obtained tissues and material which no doubt came from the body of the assaulted party, and we think that it was admissible on the same theory as if he had taken a ring or some other article from her person and put it in his pocket; that when the

officers searched him they found it. Who could seriously contend that such article taken from his pocket would be requiring him to give evidence against himself? Whatever he took from the face or body of the injured party by scratching her during the struggle and which was carried with him under his finger nails would likewise be admissible. In support of the opinion here expressed, we refer to the case of Beachem v. State, 162 S. W. (2d) 706, and the many cases there cited. See also Jones v. State, 214 S. W.. 322, where the subject under consideration is fully discussed.

No reversible error appearing in the record ,the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant again discusses Bills of Exception Numbers 1, 3, 4, 5, 8, and 9. We have again considered the record before us and it is our conclusion that the original opinion sufficiently discusses each of these questions and that the judgment should be affirmed.

The appellant's motion for rehearing is overruled.