## TED WILLIAMS V. STATE.

No. 25144. February 7, 1951.

*Collier & Pepper*, Houston, for appellant.

*A. C. Winborn*, District Attorney, *E. T. Branch*, Assistant District Attorney, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with the offense of theft of property of the value of over $5 and under $50, it being further alleged that he had been twice previously convicted of misdemeanor theft.

The trial was before the court upon a plea of not guilty and resulted in a judgment finding appellant "guilty of Theft (Habitual), a misdemeanor," with a punishment of two years in jail.

H. C. Mackey, a police officer of the city of Houston, while on duty near the Rubenstein Dry Goods Store of which M. Becker, the alleged owner of the property, was the manager, saw appellant going into the store about 8:30 A.M. He was acquainted with appellant and observed him as he entered and left the store.

This officer testified that he noticed as appellant entered the store that his pants legs were stuffed into his socks and appeared normal, but when he came out his pants legs were very large, and because of their bulkiness, he suspected that he had stuffed some stolen merchandise in his pants. He approached appellant and took him back into the store.

Appellant there pulled the nine nightgowns identified by Mr. Becker as belonging to him from his pants legs.

Proof was offered establishing the previous convictions as alleged.

Appellant did not testify or offer witnesses in his behalf.

There is one bill of exception which relates to the overruling of appellant's objection "to anything that the officer might testify to which was revealed by a search of the defendant."

Testimony of the officer elicited by appellant for the purpose of this objection is set out in this bill. He testified that he had no warrant for the arrest of appellant, had not seen him commit any breach of the peace, had not been informed by anyone that he had committed a felony, and that he had no search warrant authorizing the search.

The bill does not, however, negative the right of the officer to prevent the consequences of theft. See Art. 325, C.C.P.; Munoz v. State, 155 Tex. Cr. R. 223, 233 S.W. 2d 494.

The testimony which the witness gave as to the results of the search is not shown in the bill. See Martinez v. State, 91 Tex. Cr. R. 576, 240 S. W. 550.

Furthermore, Mr. Becker, who was present at the time, testified without objection that appellant had the nightgowns in his overalls and pulled them out when the officer brought him back into the store.

The evidence being sufficient to sustain the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the court.