### ROOSEVELT WILEY V. STATE

No. 33,521. June 7, 1961
Motion for Rehearing Overruled October 25, 1961

*Jack C. Altaras* and *Gean B. Turner,* Cleburne, for appellant.

*Justin A. Kever,* District Attorney, San Angelo, *Glyndon M. Hague,* District Attorney, Cleburne, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, death.

A prior death penalty conviction against this appellant was reversed because of certain jury misconduct and procedural errors. Wiley v. State, 169 Tex. Cr. Rep. 256, 332 S.W. 2d 725.

It was shown that truck driver Canada was in the habit of carrying large sums of money on his person in the form of bills of large denomination; that he had a regular route from San Angelo to Sterling City, with intermediate stops, for the Gandy Milk Company; that he left San Angelo at 5:00 A.M., on the morning in question; that appellant and another colored man were seen to abandon Canada's truck many miles farther north of Sterling City in the residential section of the city of Big Spring at approximately 8:30 A.M., on the morning in question. They immediately purchased two new suits of clothes with bills of large denomination, and some jewelry; took a bath, changed clothes, and stated that they were on their way to Houston. They were arrested before leaving Big Spring.

Appellant and his companion made both oral and written confessions, but appellant's written confession was not introduced in evidence. Appellant's companion, who was serving a life sentence for the crime in question, testified fully as to appellant's participation therein.

Appellant did not testify or offer any evidence in his behalf.

We shall discuss the facts more fully in connection with the contentions advanced by counsel by brief and in argument.

It is first contended that the court erred in permitting the introduction of the large sum of money found on appellant's person following his arrest on the grounds that such arrest was illegal. In the absence of the jury on the issue of probable cause, the court heard testimony from the officers concerning reports they had received about the Gandy truck having been abandoned in the residential section of Big Spring many miles away from its usual route; about the fact that Gandy did not employ colored drivers, but that two colored men were seen walking away from the truck as it was parked; about two colored men soon there-

after buying complete new clothing ensembles plus some jewelry and stating that they were on their way to Houston, plus the fact that they had rented a cab, had gone to a house, taken a bath and had left their old clothes. This, we have concluded, constituted probable cause to believe that the truck had been stolen and that the thieves were preparing to flee and authorized their arrest without a warrant. See Pruett v. State, 114 Tex. Cr. Rep. 44, 24 S.W. 2d 41; Warren v. State, 130 Tex. Cr. Rep. 456, 94 S.W. 2d 463; Ware v. State, 151 Tex. Cr. Rep. 228, 207 S.W. 2d 868; and Williams v. State, 155 Tex. Cr. Rep. 439, 236 S.W. 2d 136.

Appellant's next complaint requires a more thorough discussion of the facts. He alleges that the court erred in admitting the oral confession of appellant which led to a discovery of the body of the deceased. Immediately upon their arrest, appellant and his companion McDade were taken to the courthouse, were placed in separate rooms, and were questioned by different teams of officers. Within a matter of minutes, McDade confessed, but told the officers that they had left the body of the deceased *three to five miles* from Sterling City. He made no mention of the proximity of a furniture truck which they had stolen in Odessa the previous evening to the place where they hijacked and killed the deceased. The officers relayed this information to other officers on the ground, who searched the area mentioned with negative results. They then took McDade into the room where they were questioning appellant and informed appellant that McDade had told all; some few minutes later appellant told the officers that they had left the body of the deceased *across the railroad track some 300 feet from the furniture company truck ten or fifteen miles southeast of Sterling City.* This information was relayed to the officers making the search, and the body was found. This, we have concluded, made the oral confession admissible. Williams v. State, 115 Tex. Cr. Rep. 28, 27 S.W. 2d 233; Stelman v. State, 123 Tex. Cr. Rep. 230, 58 S.W. 2d 831; Warren v. State, supra; Coleman v. State, 151 Tex. Cr. Rep. 582, 209 S.W. 2d 925; and Grimes v. State, 154 Tex. Cr. Rep. 199, 225 S.W. 2d 978.

Appellant's last complaint relates to argument. No objection was made. In King v. State, 156 Tex. Cr. Rep. 508, 243 S.W. 2d 846, a death penalty conviction, we held no reversible error was reflected by argument not objected to where no mandatory provision of the statutes are violated and no new and harmful fact is injected into the case.

Finding the evidence sufficient no reversible error appearing, the judgment of the trial court is affirmed.