### Searcy Hysaw v. State.

No. 2296. Decided March 12, 1913.

Rehearing denied April 23, 1913.

**1.—Murder—Manslaughter—Sufficiency of the Evidence.**

Where, upon trial of murder, defendant was convicted of manslaughter, which was sustained by the evidence, there was no error on that ground.

**2.—Same—Charge of Court—Aggravated Assault—Weapon.**

Where, upon trial of murder, there was no evidence that the knife used was a deadly weapon and the idea that defendant intended to kill deceased was excluded by the evidence, the court should have submitted a charge on aggravated assault.

### 3.—Same—Evidence—Character of Deceased—Specific Acts.

When self-defense is an issue, and it is necessary to show the state of mind of defendant at the time of the commission of the homicide, specific acts of violence of the deceased which are then known to defendant and which show or tend to show that deceased was a violent and dangerous man may be ntroduced in evidence on the issue of self-defense; however, where such specific acts are not known to defendant prior to the homicide, general reputation alone is admissible.

### 4.—Same—Rule Stated—Cross-Examination.

Where specific acts of violence are introduced in evidence, the State should be permitted, on cross-examination, to go into the particulars of the specific act to rebut defendant's theory that deceased was a dangerous person.

### 5.—Same—Evidence—Specific Acts.

Where, upon trial of murder, proof that deceased habitually carried a pistol was admissible, but testimony that a witness saw deceased carry a pistol at one time was not admissible.

### 6.—Same—Evidence—Conduct of Deceased.

Where defendant did not attempt to show that the deceased had the general reputation of being a violent and dangerous man, it was improper for the court to prove or disprove this fact.

### 7.—Same—Conduct of District Attorney.

Where the conduct of the witness justified the conduct of the district attorney in cross-examining him, there was no error and the latter had the right to discuss this testimony.

### 8.—Same—Attorney—Contempt.

Where the cause is reversed and remanded on other grounds, it is not necessary to consider the complaint to the action of the court in imposing a fine on defendant's attorney.

### 9.—Same—Charge of Court—Reasonable Doubt.

It is always sufficient for the court to charge the reasonable doubt in substantial conformity to the language of the statute, and there was, therefore, no error in refusing a requested charge which did not conform thereto.

Appeal from the District of Caldwell. Tried below before the Hon. F. S. Roberts.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Coopwood* and *O. Ellis, Jr.,* for appellant.—On question of the court's failure to charge on aggravated assault: Hill v. State, 11 Texas Crim. App., 456; Thompson v. State, 24 id., 383; Shaw v. State, 31 S. W. Rep., 361; Martinez v. State, 33 S. W. Rep., 970; Craiger v. State, 88 S. W. Rep., 208; Wilson v. State, 49 Texas Crim. Rep., 50; 90 S. W. Rep., 312; Lucas v. State, 49 Texas Crim. Rep., 135; 90 S. W. Rep., 880; Thomson v. State, 49 Texas Crim. Rep., 384; 93 S. W. Rep., 111; Johnson v. State, 49 Texas Crim. Rep., 429; 93 S. W. Rep., 735; Vinson v. State, 58 Texas Crim. Rep., 47; 117 S. W. Rep., 846; Snowberger v. State, 58 Texas Crim. Rep., 530; 126

. S. W. Rep., 878; Ross v. State, 61 Texas Crim. Rep., 12; 133 S. W.
. Rep., 688.

On question of excluding evidence of deceased's carrying a pistol:
Spencer v. State, 59 Texas Crim. Rep., 217; 128 S. W. Rep., 118.

On question of conduct of district attorney in cross-examination of
. witness: Kemper v. State, 63 Texas Crim. Rep., 1; 138 S. W.
Rep., 1025.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Upon a charge of murder appellant
was convicted of manslaughter, from which he appeals.

It is unnecessary to give a statement of the evidence. In our opin-
ion it raised the issue and was clearly sufficient to sustain a conviction
for manslaughter.

For a long time before the evening of the killing appellant and
deceased had known one another and they were friends. At least no
trouble was ever shown to have existed theretofore between them.
Appellant, a short time before the killing, had borrowed a dollar and
a half from deceased, promising to pay it on the day of the killing,
which was Christmas day, 1911. On the evening of that day they
met in a saloon; deceased demanded the money from appellant and
trouble arose between them. There was more or less harsh words
and temper displayed by both of them on this occasion. They sepa-
rated, or were separated by the intervention of friends. · Deceased
went out the back door and appellant the front door of the saloon. ·
Shortly afterwards they met on the street when the trouble was
renewed and the killing resulted.

From the State's standpoint and evidence appellant was the aggres-
sor and the testimony was sufficient to have established murder and
at least manslaughter. From appellant's standpoint and his testimony,
self-defense was raised. The court charged thereon, as well as ·mur-
der in the first and second degrees and manslaughter.

The court refused to charge on aggravated assault, although a
special charge was requested on that subject by appellant, and proper
complaint is made of the charge of the court, because of his failure
and refusal to submit aggravated assault.

The knife with which the killing occurred was produced, identified
and introduced in evidence, or at least, displayed and exhibited to
the jury. The testimony all shows that it was only an ordinary pocket-
knife. No testimony was introduced directly showing that it was a
deadly weapon. The appellant stabbed deceased in the stomach
only one time.. Appellant testified: "I did not try to cut him but
the one time. I could have cut him all to pieces. I did not intend
to kill him. I cut him to keep him from hurting me. I had no idea
of killing him." The appellant further testified that when he first
saw deceased after they went out of the saloon that deceased was

coming towards him, cursing and that it scared him nearly to death. That he cut him with just a medium pocket knife and only once; that he didn't know when he got the knife out; that he was sarced to death. In our opinion, with the testimony as shown by this record, aggravated assault and battery was raised and it was reversible error for the court to refuse to submit that question to the jury. It it true the stab was in a vital part of the body and proved fatal. This would not necessarily exclude aggravated assault, and, especially in view of the fact that appellant claimed he was so badly scared and the knife used was not necessarily a deadly weapon and the manner of its use was not necessarily such as to exclude the idea that appellant did not intend to kill the deceased. So that, as stated above, in our opinion the evidence raised, and the court should have submitted, a proper charge on aggravated assault. For a collation of the authorities see sec. 434 Branch's Crim. Law.

Ordinarily proof that the deecased was a violent and dangerous man must be made by showing that that was his general reputation. Heffington v. State, 41 Texas Crim. Rep., 315; Connell v. State, 45 Texas Crim. Rep., 142; Poole v. State, 45 Texas Crim. Rep., 348; Darter v. State, 39 Texas Crim. Rep., 40.

However, when self-defense is an issue and it is necessary to show the state of mind of the appellant at the time of the commission of the offense, specific acts of violence of the deceased, which are then known to appellant or have been communicated to him which show, or tend to show that he was a violent and dangerous man, etc., may be shown for the purpose of showing that he acted in self-defense based on this information and knowledge to him of the character of the deceased, and to show his state of mind at the time. See sec. 473 Branch's Crim. Law, where these rules are stated and authorities establishing them are collated. However, such proof of specific acts of violence by the deceased can not be shown by the appellant, unless he knew, or was informed thereof, prior to the commission of the offense. Where he testifies on the trial that he knew or had this information, then he will be permitted to go further and prove by others who know the facts, the said specific acts of violence without going into the details thereof. But he can not introduce hearsay on that subject. In the event he shows that he had such knowledge or information, and testifies to such specific acts of violence, then introduces testimony by persons who know the facts and testifying to such specific acts, the State, in cross-examination of such witnesses, should be permitted to go into the particulars of the specific acts for the purpose of showing that the deceased was justifiable, or rebut defendant's theory that such acts show him to have been a violent and dangerous person, etc.

It is unnecessary to take up and discuss or decide each of appellant's bills of exceptions along this line. Upon another trial of the

case, what we have said is sufficient to govern the lower court in the admission and exclusion of evidence on this point.

The court did not err in excluding the testimony of Austin Henderson wherein appellant sought to prove by him that he saw deceased at one time carrying a pistol. That the deceased was seen to carry a pistol at one time, which was not on the day or at the time of the alleged commission of this offense, would not be admissible; but proof that he habitually carried a pistol, if such were a fact, might be admissible. Lilly v. State, 20 Texas Crim. App., 1; Glenewinkel v. State, 61 S. W. Rep., 123; Branch v. State, 15 Texas Crim. App., 96. Especially would this be the case if appellant should show that he knew deceased was in the habit of carrying concealed weapons.

As appellant, who alone had the right to do so, did not attempt to show that the deceased had the general reputation of being a violent and dangerous man, it was improper for the court of his own motion to ask the witness Henderson questions seeking to prove or disapprove that fact. We think that where the appellant puts the reputation of the deceased in issue on this subject by evidence either of his general reputation to that effect, or by specific acts showing it, then it would be proper for the State to rebut this by showing that his reputation in this respect was not as attempted to be shown by such evidence, but his character was that of a peaceable, quiet and law-abiding man.

While prosecuting attorneys should observe the rules of propriety in cross-examining witnesses where they believe they are giving false testimony, yet, appellant's bills in this case, claiming that the court should not have permitted the district attorney to ask and say what he did with reference to the witness Lee Moore, as qualified by the court show no error; for the court states that the demeanor and answer of the witness justified the conduct of the district attorney. Certainly if the witness' credibility is to be passed upon by the jury, the prosecuting officer has the unquestioned right to discuss his testimony, and argue before the jury that it is false.

It is useless to discuss appellant's bills wherein he complains of the action of the court in imposing a fine upon his attorney for the manner in which he attempted to ask questions that had been prohibited by the court, for they doubtless will not occur upon another trial.

The court did not err in refusing to give this charge requested by appellant: "Upon the trial of a criminal case by a jury the law contemplates the concurrence of twelve minds in the conclusion of guilt before conviction can be had. Each individual juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can, under his oath, consent to a verdict of guilty. Each juror should feel the responsibility resting upon him as a member of the jury and should realize that his own mind must be convinced beyond a reasonable doubt of the defendant's guilt before he can consent to a

verdict of guilty. Therefore, if any individual member of the jury, after having duly considered all the evidence in the case and after consultation with his fellow jurors, should entertain such reasonable doubt of the defendant's guilt as is set forth in their instructions in this case, it is his duty not to surrender his own convictions simply because the balance of the jury entertain different convictions.'' It is never proper to give such a charge in any case. It has uniformly been held by this court that it is sufficient for the court to charge the reasonable doubt in substantial conformity to the language of the statute.

Outside of giving a proper charge on aggravated assault, no other charge requested by appellant and refused by the court should have been given.

There are no other questions raised which require any discussion or decision on our part. For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied April 23, 1913.—Reporter.]