JOHNNIE NICHOLSON V. THE STATE.

No. 6696.    Decided March 1, 1922.

Rehearing Denied April 5, 1922.

**1.—Murder—Evidence—Confessions—Arrest—Statement Found True.**

Where, upon trial of murder, the defendant objected to the testimony of an officer as to what was said and done by defendant at the time he came into the police station because he was under arrest and unwarned, but it appeared from the record that reliance was had in the introduction of such statement that it was found to be true, and conduced to establish the guilt of the accused, the same was admissible.

**2.—Same—General Reputation—Evidence—Predicate—Practice in Trial Court.**

Where defendant proved that the deceased's general reputation was that of a dangerous and violent woman, there was no error in rejecting testi- mony of a number of witnesses offered by him to prove that deceased had made violent assaults upon them, he having laid no predicate that the ac- cused knew or had been informed of the matters proposed to be given in such testimony at the time of the act charged against him. Following Willis v. State, 49 Texas Crim. Rep., 142 and other cases.

**3.—Same—Evidence—Rebuttal—Practice in Trial Court—Discretion of Court.**

Where defendant objected to certain evidence introduced by the State after the defense had rested, because it was not in rebuttal, *held*, that this matter was largely within the discretion of the court, and in the absence of injury shown, there was no reversible error.

**4.—Same—Rehearing—Bill of Exceptions—Practice on Appeal.**

Where, upon motion for rehearing, complaint is made because this court declined to consider a bill of exceptions taken to some remarks of the trial court, which bill was refused, for the reason, as stated by the trial judge, that no exception was taken to any statement made by him, and a contro- versy arose between the trial judge and attorneys as to whether certain

matters occurred, same cannot be settled by this court, and the proper procedure is, where the trial judge denied the occurrence, this court must be governed thereby, as presented by bill of exceptions in the record.

Appeal from the Criminal District Court of Harris.  Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of murder; penalty, life imprisonment in the penitentiary.

The opinion states the case.

*W. A. Rowe,* and *John T. Duncan,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—On question of specific acts of violence: Lubbock v. State, 66 Texas Crim. Rep., 309; Echols v. State, 75. id., 369, and cases cited in opinion.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Harris County of murder, and his punishment fixed at confinement in the penitentiary for life.

Appellant was charged with the killing of his wife. The parties were negroes. The killing took place on a public street and in the presence of a number of witnesses, but as it was night the parties near by were unaware of the seriousness of what was taking place until appellant arose from where he was astride of his wife's body on the ground and fled, and it was discovered that her throat was cut. The windpipe and jugular vein of deceased were cut entirely in two, the head being nearly severed from the body. There were two other cuts across the throat also. The killing took place between 8 and 9 o'clock at night. Shortly after 9 o'clock appellant walked into the police headquarters and asked for the chief of police, and informed officer Beverly of the fact that he had killed his wife.

The testimony of officer Beverly as to what was said and done by appellant at the time he came into the police station, is made the subject of a bill of exceptions, it being contended by appellant that he was under arrest and unwarned at the time. Both of these facts seem well established, the officer testifying that he would not have permitted appellant to leave, and that he considered him a prisoner at the time the statements in question were made. No attempt was made by the State to show a warning, or that the statements were reduced to writing, but reliance was had in the introduction of such statement upon the exception named in Art. 810, Vernon's C. C. P., which seems to be of equal force as affecting the admissibility of confessions, as the other portions of said article. Said exception states that if in connection with the confession, a statement of facts or circumstances is made which is found to be true and which conduces to establish the guilt of the accused, same becomes admissible. When

appellant confessed to said officer that he had killed his wife, no one knew what instrument had been used to cause the death. He further stated in that connection that he had killed her with a razor and produced same, saying that it was with this razor that he killed her. The razor had blood on it and had large nicks in it, the State contending that said nicks were made by coming in contact with the vertebrae of the backbone of deceased. As we have stated above, when the woman's body was examined it was found that her throat was cut from ear to ear and it was evident that the wound was inflicted with a very sharp instrument. We think the statement made by appellant was one of facts and circumstances found to be true that conduced to establish guilt, and that all that was said by him to the officer in that connection was admissible under the exception mentioned. The extent to which such facts and circumstances must needs go in conducing to establish guilt, is not set out in the statute. We are led to believe that if same conduces in any degree or to any extent to show guilt, it would be admissible.

Appellant swore that his wife attacked him with a knife and that he killed her in self-defense against such attack. He proved her general reputation as being that of a dangerous and violent woman, and by eight bills of exception complains of the rejection of the testimony of a number of witnesses offered by him to prove that deceased had made violent assaults upon them, or that they knew of her having made such assaults on others, or that complaints had been made against her for such conduct. The State's objection to such evidence was properly sustained. The rule seems to be that in connection with self-defense, evidence relating to other particular acts of violence on the part of the injured party which explain the condition of the mind of the accused, or strengthen his claim that from his view point he believed himself in danger, is admissible; but as a predicate therefor it must be shown that the accused knew or had been informed of the matters proposed to be given in such testimony, at the time of the act charged against him. Appellant did not testify in this case to knowledge of any of the transactions embraced in the rejected testimony. Dodson v. State, 44 Texas Crim. Rep. 204; Crow v. State, 48 Texas Crim. Rep. 420; Cole v. State, 48 Texas Crim. Rep. 444; Hysaw v. State, 69 Texas Crim. Rep., 562; 155 S. W. Rep. 941; Willis v. State, 49 Texas Crim. Rep. 142.

Appellant has a bill of exceptions to the court permitting certain evidence to be introduced by the State after the defense had rested, it being objected that such evidence was not properly in rebuttal. As an additional ground of exception in said bill complaint is made of certain remarks made by the trial court to the effect that such evidence was in rebuttal. The trial court declined to approve the bill upon the ground that no exception was taken by appellant's counsel to any such remarks of the court. Our statute governing the introduction of evidence seems to confide matters of procedure large-

ly to the discretion of the trial court, and permits the introduction of evidence at any time before the argument is concluded, and the decisions of this court seem uniform in holding that where evidence is introduced out of its order, the action of the trial court in admitting same will be upheld unless it be affirmatively shown that some injury resulted. No such injury appears in regard to the matter here complained of.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### On Rehearing.

### March 5, 1922.

HAWKINS, Judge.—We have carefully examined appellant's motion for rehearing. There is no question in our minds but that we reached the correct decision on the issues presented.

Complaint is made because we declined to consider a bill of exceptions taken to some remark of the court. The bill was refused by the trial judge for the reason, as stated, that no exception was taken to any statement made by him. It is asserted in appellant's motion that the bill was mailed to the judge, and it was not known to appellant's attorney that the bill had been refused until it was discovered by him with such endorsement on it after the record was filed in this court. A controversy arising between the trial judge and attorneys as to whether certain matters did or did not occur cannot be settled by us in the state we find the record upon this point. We are bound by the bill as we find it. We have had occasion recently to state our views with reference to matters of this kind in Jones v. State, 89 Texas Crim. Rep. 6, 229 S. W. Rep. 865; Hunt v. State, 89 Texas Crim. Rep. 89, 229 S. W. Rep. 869, and Donohue v. State, 90 Texas Crim. Rep. 541, 236 S. W. Rep., 86; (opinion Jan. 11, 1922). In the latter case we suggested the proper procedure where the trial judge denied the occurrence of the matter which counsel asserted.

The motion for rehearing is overruled.

*Overruled.*