**Charlie Ray DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65335.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 16, 1982.

Rehearing Denied July 14, 1982.

Robin Collins, Nacogdoches, for appellant.

Donald R. Ross, County Atty., and David P. Brown, Asst. County Atty., Henderson, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder, V.T.C.A. Penal Code, Sec. 19.02. After finding appellant guilty, the jury assessed punishment at thirty-five years.

The deceased, Albert Renfro, was struck by a stray bullet fired during an altercation between appellant and another visitor to the deceased's home on February 10, 1979. Testimony establishes that prior to the shooting George Carey, a neighbor of the deceased, entered the home of the deceased with a stick in his hand. Whether the stick was large or small was in dispute. Appellant saw Carey enter the house from the vantage point of his car, and testified he heard his girlfriend, Marilyn Bowens, who was pregnant with their child, cry out. Appellant took a pistol from his car and pursued Carey into the house. At this juncture the accounts of what transpired differ. State's witnesses testified that Carey only threatened Marilyn with the stick and that the commotion settled before appellant entered the room. Testimony in behalf of appellant reflected that Carey hit Marilyn with the stick and that he was raising the stick again and "coming towards me [appellant]" when appellant began shooting. The appellant testified that he shot in self-defense and in defense of Marilyn. It is undisputed that the shot fired by appellant killed Renfro rather than Carey.

In appellant's third ground of error he contends the trial court "erred by refusing to permit appellant to bring specific acts of violence on the part of the Aggressor before the trier of fact." Specifically, appellant's third ground of error concerns prior acts of violence attributed to appellant's intended victim George Carey.

Out of the presence of the jury it was developed through testimony of appellant that appellant knew that his intended victim, George Carey, had "provoked a fight" with a William Renfro, Jr., had a fight with Mack Cleburne VanZandt, "drew a pistol on Ernest Mallard," "got into it" with Bill West, and had run people off because of the loud music and stuff, "bluff them and stuff like that." Appellant testified that he knew of these acts of Carey before the occasion in question and that his knowledge had come from other persons since he was not present when they occurred.

Appellant offered the foregoing testimony under V.T.C.A. Penal Code, Sec. 19.06 to show "what was on the Defendant's mind when he saw the intended victim, to show the circumstances surrounding the shooting." Sec. 19.06, supra provides:

"In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense."

*Beecham v. State*, 580 S.W.2d 588, relied on by both the State and appellant, follows

the rule set forth in *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875 that before the defendant is entitled to show specific acts of violence of the deceased it must be first shown that there was some act of aggression by the deceased in the cause on trial. If other acts of violence directed toward third persons are offered to show the reasonableness of the defendant's claim of apprehension of danger, it must be shown that the acts of violence were known to the defendant at the time of the homicide.

We perceive no reason why the foregoing rule does not apply to acts of the intended victim as well as to the deceased. There seems to be no dispute that appellant's testimony reflects that there was an act of aggression by the intended victim, Carey, and that appellant had knowledge of specific acts of aggression toward third persons by Carey.

The State urges the trial court correctly excluded the specific acts since appellant did not have personal knowledge of them and any knowledge he had regarding such acts had been from hearsay.

In *Nicholson v. State*, 91 Tex.Cr.R. 383, 239 S.W. 206 it was held that the accused must have known *"or had been informed"* regarding particular acts of violence on the part of the injured party which explain the condition of the mind of the accused (emphasis supplied). In *Smith v. State*, 67 Tex. Cr.R. 27, 148 S.W. 699 it was held that the accused may show that decedent has made attacks on others whether learned from "hearsay or not, which would go to explain his condition of mind at the time of the homicide."

Appellant having established that there was an act of aggression by Carey and that at such time he had knowledge of specific acts of violence by Carey directed toward others, appellant was entitled to show such acts to explain the condition of his mind at the time of the homicide. The exclusion of such testimony by the trial court requires reversal of this cause.

The judgment is reversed and the cause remanded.