Opinion issued November 20, 2003

















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00163-CR




SHANNON EUGENE HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 32307B




O P I N I O N
           Appellant, Shannon Eugene Hayes, was tried by a jury for murder and found guilty
of the lesser included offense of manslaughter. Appellant had one enhancement, which
raised the penalty range to that of a first degree felony. The jury assessed punishment at 30
years’ confinement. In seven points of error, appellant claims that (1) the trial court erred
by excluding the testimony of two defense witnesses who would have testified regarding acts
of aggression by the intended victim, (2) the trial court violated his right to due process by
excluding evidence of the intended victim’s extraneous acts, (3) the trial court violated his
right to due course of law under the Texas Constitution by excluding evidence of the
intended victims extraneous acts, (4) a person may not always be reckless when he kills an
innocent third party while acting in self-defense, (5) the evidence is not factually sufficient
to sustain a conviction for manslaughter, (6) the trial court erred when it denied his request
for a jury charge on criminally negligent homicide, and (7) the trial court erred by denying
his request for a charge on voluntary conduct. 
BACKGROUND
           Appellant went with his friend, Aubrey Brent, to confront Darryl Delaney about an
amplifier that appellant and Brent believed Delaney had stolen from the trunk of Brent’s car
while changing its oil. There had been a previous encounter between Brent and Delaney that
day regarding the car stereo amplifier. Brent claims that, in the previous encounter, Delaney
chased him with a screwdriver and a gun, but admitted that he had initiated the confrontation. 
Delaney testified that he never chased or attacked Brent with the screwdriver and at no time
had a gun. 
           Brent called appellant after this encounter and told him that Delaney had pulled a
pistol and a screwdriver on him and that Delaney had stolen his amplifier. Brent told
appellant that he was going to “whup [Delaney’s] ass” when he saw him next. After Brent
said this, appellant told Brent that he would come over to Brent’s house. Brent and appellant
then drove around, looking for Delaney. Appellant was armed with a handgun that he kept
in his car because a friend had left it in his house and, according to appellant, he wished to
return it to his friend. 
           Appellant and Brent found Delaney standing in the driveway at Roderick Swain’s
mother’s house. Appellant parked the car in front of the house. Brent got out of the car and
started to walk up to Delaney in order to “whup” him. There is some dispute whether
appellant also left the car at this point and approached Delaney. Brent claims that he asked
Delaney where his amplifier was and said that, if Delaney didn’t give him the amplifier, he
would “whup Delaney’s ass.” Brent and appellant claim that, at this point, Delaney pulled
a gun on Brent, while other witnesses testified that Delaney was unarmed. Appellant
testified that, after the gun was pulled on Brent, he got out of the car, held his gun out, and
told Delaney to get his gun off of Brent. Appellant and Delaney exchanged words, and Brent
retreated to the car. Roderick Swain pulled up at this point and told both parties to go away
from his mother’s house. Swain also went to Delaney and spoke to him, telling him to cool
down and that it wasn’t worth it. Appellant returned to the driver’s seat of his car. Appellant
claims that, at this point, Delaney moved toward the car, raised the gun he was carrying, and
shouted “Bitch, I’m going to kill you.” Appellant testified that he feared for his life and
responded to this threat by grabbing his gun in his left hand and shooting at Delaney. 
Appellant testified that he did not take aim while firing several shots and that his eyes were
closed. When appellant stopped firing, Swain, who had been standing somewhere behind
Delaney, was lying in the yard and Delaney, who was struck in the hand by a bullet, had
backed away from the car. Appellant and Brent then drove off.
           At trial, appellant sought to introduce testimony regarding a previous incident in
which Delaney attacked Anthony Bell and pointed a gun at him. The court refused to allow
this testimony to be introduced. However, testimony regarding Delaney’s attacking someone
with a wrench was introduced as well as Delaney’s conviction for aggravated assault. 
Appellant specifically requested an instruction on self-defense as it applied to murder and
an instruction that informed the jury that self-defense was inapplicable if they found
appellant acted recklessly in killing a third party. The court incorporated both requested
instructions into its charge. Requests for instructions on criminally negligent homicide and
voluntary conduct were made by appellant and denied by the court. 
DISCUSSION
Intended Victim’s Violent Acts
           Appellant, in his first point of error, asserts that the trial court erred in excluding the
extraneous-act testimony of two witnesses who would have testified regarding acts of
aggression by the intended victim. Appellant contends that this testimony would serve to
show his state of mind as well as indicating that the intended victim was the first aggressor.
 
Standard of Review
           An appellate court reviews a trial court’s decision to admit or to exclude evidence
under an abuse of discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001). An appellate court will not reverse a trial court’s ruling unless the ruling falls outside
the zone of reasonable disagreement. Id.
           Generally, a defendant in a murder prosecution who raises the issue of self-defense
may introduce evidence of the victim’s violent character. Tex. R. Evid. 404(a)(2); Torres
v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). The defendant may offer opinion or
reputation testimony to prove the victim acted in conformity with his violent nature. Tex.
R. Evid. 404(a)(2); Torres, 71 S.W.3d at 760. Specific, violent acts of misconduct may be
admitted to show the reasonableness of the defendant’s fear of danger or to show that the
victim was the first aggressor. Torres, 71 S.W.3d at 760; Mozon v. State, 991 S.W.2d 841,
845-46 (Tex. Crim. App. 1999).
           However, because appellant was not found guilty of murder, he goes to great lengths
in his brief to try to establish that he should be allowed to bring in the same evidence
regarding the reckless aspect of manslaughter that he would be allowed to bring in to
establish self-defense to the murder charge. We need not rule on the merits of that argument
unless we find that the evidence in question would be admissible in a murder prosecution.
          
 
Defendant’s State of Mind           
           In Torres v. State, the court stated in a footnote that evidence of the victim’s previous
violent acts would be relevant to show the reasonableness of a defendant’s apprehension and
thus the defendant’s state of mind. Torres, 71 S.W.3d at 760 n.4; Mozon, 991 S.W.2d at 846. 
However, the court also noted that the defendant must show that he was aware of the specific
acts of the victim for the evidence of previous violent acts to be admissible to show the
defendant’s state of mind. Torres, 71 S.W.3d at 762; Mozon, 991 S.W. 2d at 845; Dixon v.
State, 634 S.W.2d 855, 855-56 (Tex. Crim. App. 1982); see also Gutierrez v. State, 764
S.W.2d 796, 798 (Tex. Crim. App. 1989). The record does not show that appellant had any
knowledge of the violent acts of which he sought to have testimony introduced. The bad act
of which appellant did have knowledge, an assault with a wrench, was admitted into
evidence. As appellant did not have personal knowledge of Delaney’s assault on Bell with
a gun, evidence of that act cannot be introduced to show appellant’s state of mind.
           Intended Victim as Aggressor
           Appellant also suggests that the proffered testimony was relevant and admissible to
show that the intended victim was the aggressor. The proffered testimony was that, in 1997,
two years before the events at issue in this case, Anthony Bell and Derek Pasley had driven
to Delaney’s house to pick up Keisha Delaney (Keisha). Bell entered the house while Pasley
remained in the car. Bell and Keisha laughed at Delaney for being drunk. Delaney punched
Bell and the two fought for a while until the fight was broken up by Keisha. Bell left the
house, told Pasley that Delaney had a gun, and said that they should leave. Before they could
leave, Delaney came out to the car, walked to the driver’s side, and pulled the trigger on the
gun, but the gun did not discharge. 
            Rule 404(a)(2) allows the admission of evidence regarding a victim’s character or
character traits, but rule 405(a) limits the permissible method of proof to reputation or
opinion testimony. Tex. R. Evid. 404(a)(2), 405(a). However, proving who the aggressor
was in a claim of self-defense is not exclusively dependant upon the character of the victim.
Tate v. State, 981 S.W.2d 189, 192-93 (Tex. Crim. App. 1998). If evidence of specific acts
is otherwise admissible, rule 404(b) allows its introduction for purposes other than its
tendency to prove the character of a person in order to show that they acted in conformity
therewith. Tate, 981 S.W.2d at 193. 
           In Tate, a threat made by the victim toward the defendant could be introduced as
evidence of the victim’s state of mind and possibly his motive for the confrontation with the
defendant. Id. The testimony was probative of whether the victim was the initial aggressor,
but it could be brought in for other purposes. Id. In the instant case, the incident about
which appellant wished to introduce testimony did not implicate appellant in any way. 
Delaney did not make any threat toward appellant, and Delaney did not indicate that he had
any animosity toward appellant. The incident is not probative of Delaney’s motivation or
state of mind related to the confrontation with appellant. 
           Therefore, while appellant could introduce character evidence to suggest that
appellant was the aggressor, he could not introduce evidence of these specific acts and events
because such evidence was not admissible for other purposes. Id. The trial court acted
properly in excluding the evidence in relation to the murder charge, and thus it was also
properly excluded in relation to the manslaughter charge. We overrule appellant’s first point
of error.
Due Process and Due Course of Law
          In his second and third points of error, appellant contends that the trial court violated
appellant’s right to due process under the United States Constitution and appellant’s right of
due course of law under the Texas Constitution by excluding evidence of the intended
victim’s extraneous acts, thereby preventing appellant from putting on a complete defense
of self-defense. In Broxton v. State, an appellant similarly claimed that he was denied the
right to present a defense and the right to due process or course of law on appeal after making
a Texas Rules of Evidence 403 objection at trial. Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995). The court in Broxton held that the appellant’s complaint on appeal
did not correspond to that made at trial, and thus the appellant did not properly preserve error. 
Id. Appellant has similarly failed to preserve error here. We overrule appellant’s second and
third points of error.
 
 
Lack of Recklessness Despite Killing of Third Party
           In his fourth point of error, appellant asks “whether a person is always reckless when
they [sic] kill an innocent third person while acting in self defense.” However, appellant
does not point to any error made by the trial court. We overrule appellant’s fourth point of
error. 
Factual Sufficiency
           In his fifth point of error, appellant contends that the evidence is not factually
sufficient to sustain a conviction of manslaughter. Appellant specifically asserts (1) that
intentional conduct is implicit in a claim of self-defense and thus any testimony that the
appellant acted in self-defense precludes appellant from committing manslaughter by acting
recklessly and (2) that appellant clearly wished to kill or cause harm to Delaney and was able
to do so by shooting him in the hand. Thus, appellant asserts he was not reckless because his
aim was good enough to hit Delaney until Delaney moved out of the way and one of the
bullets hit Swain.
           In reviewing the evidence on factual sufficiency grounds, all of the evidence as a
whole must be reviewed, and not only in the light most favorable to the prosecution. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). After reviewing the evidence, the
evidence will not be deemed factually insufficient unless (1) it is so weak as to be clearly
wrong and manifestly unjust or (2) the adverse finding is against the great weight and
preponderance of the available evidence. Johnson v. State, 23 S.W. 3d 1, 11 (Tex. Crim.
App. 2000). However, in a factual sufficiency review, the appellate court should not
substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648
(Tex.Crim. App. 1996).
           Appellant relies on Johnson v. State and Avila v. State for the proposition that a
defendant’s testimony claiming self-defense precludes his being convicted of manslaughter
because his act is intentional and not reckless. Johnson v. State, 915 S.W.2d 653, 659 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d); Avila v. State, 954 S.W.2d 830, 843 (Tex.
App.—El Paso 1997, pet. ref’d). These cases do not stand for the proposition for which
appellant cites them. The decisions in both Avila and Johnson concerned whether an
instruction on the lesser included offense of manslaughter was justified, with both courts
holding that it was not justified because, for a defendant to be entitled to that instruction, a
jury would have to be able to find some evidence that would allow the jury to rationally find
that if the defendant were guilty, he would be guilty only of that lesser included offense. 
Avila at 842; Johnson at 659. That is not a problem in this case.
           Appellant’s alternative argument concerning factual sufficiency is that his actions
were not reckless because he caused harm to his intended target and thus he did not act in a
reckless manner even though his intended target moved and a third person was hit and killed. 
Recklessness occurs when:
a person is aware of, but consciously disregards a substantial and unjustifiable
risk that the circumstances exist or the result will occur. The risk must be of
such a nature and degree that its disregard constitutes a gross deviation from
the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor’s standpoint.

Tex. Pen. Code. Ann. §6.03(c) (Vernon 2003). Here, appellant admits that he pointed a gun
that he knew was loaded toward Delaney and Swain. His car was started and Delaney was
moving toward the vehicle. Appellant knew both men were outside his car. Appellant
testified that Swain was standing “right there, right on the side of [Delaney]” after the initial
standoff. Further, appellant also testified that while he was shooting “[my] eyes was closed
so tight so I didn’t know nothing.” Appellant was shooting with his left hand, which was not
his dominant hand and which had been previously injured. We do not find that the evidence
supporting appellant’s conviction is so weak as to be clearly and manifestly unjust or that the
conviction is against the great weight and preponderance of the available evidence. We
overrule appellant’s fifth point of error.Jury Charge Errors
Criminally Negligent Homicide
           Appellant, in his sixth point of error, asserts that the trial court erred when it denied
his requested jury charge on the lesser included offense of criminally negligent homicide. 
A jury instruction on a lesser included offense is required only if the lesser offense is
included within the proof necessary to establish the offense charged and some evidence exists
in the record that, if the defendant is guilty, he is guilty only of the lesser included offense. 
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). Anything more than a
scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Bignall v. State,
887 S.W.2d 21, 23 (Tex. Crim. App. 1994). Criminally negligent homicide is a lesser
included offense of murder. Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). 
Criminally negligent homicide requires that a person act with criminal negligence; criminal
negligence involves inattentive risk creation: the actor should be aware of the risk
surrounding his conduct or the results thereof. Lugo v. State, 667 S.W.2d 144, 147-48 (Tex.
Crim. App. 1984). Before a charge on criminally negligent homicide is proper, the record
must contain evidence showing an unawareness of the risk. Ybarra v. State, 890 S.W.2d 98,
111 (Tex. App.—San Antonio 1994, pet. ref’d). 
           Appellant claims that the risk he was unaware of was that his intended victim would
move or otherwise attempt to get out of the way of the shots being fired at him. Because
appellant himself attempted to “move out of the way from Darryl Delaney and that gun,” this
argument lacks merit. We overrule appellant’s sixth point of error.
Voluntary Conduct
           In his seventh point of error, appellant claims the trial court erred when it denied
appellant’s requested jury charge on voluntary conduct. Appellant contends that his actions
were not voluntary because he was forced to shoot at Delaney when Delaney charged at him
with a gun. “‘Voluntariness,’ within the meaning of section 6.01(a) refers only to one’s
physical bodily movements.” Brown v. State, 89 S.W.3d 630, 633 (Tex. Crim. App. 2002). 
The issue of voluntariness of one’s conduct, or bodily movements, is separate from the issue
of one’s mental state. Adanandus v. State, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993).
Voluntarily “means the absence of an accidental act, omission or possession.” Alford v.
State, 866 S.W.2d 619, 624 (Tex. Crim. App. 1993). Appellant does not claim that his
physical movements were involuntarily made or accidental. We overrule appellant’s seventh
point of error.
Conclusion
We affirm the judgment of the trial court.
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley. 

Publish. Tex. R. App. P. 47.2 (b).