Affirmed and Opinion filed December 21, 2004









Affirmed
and Opinion filed December 21, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01378-CR

____________

 

ELADIO CAMACHO
NAVARRO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 934,409

 



 

O P I N I O N

Appellant Eladio Camacho Navarro brings
this appeal from his conviction for the capital murder of his eight-month-old
daughter, Nayeli Navarro.  Appellant
brings two points of error for our review: 
whether the trial court erred in admitting extraneous acts in violation
of Rules of Evidence 403 and 404(b) and whether appellant received ineffective
assistance of counsel.  We affirm.

 

 








Background

Late in the evening on Christmas Eve of
2002, appellant returned home after a night of drinking to find his common-law
wife, Alma Mosqueda, asleep at her house with their eight-month-old
daughter, Nayeli Navarro.  Suspicious
that his wife was having an affair with his brother, appellant screamed at her,
pulling her hair and throwing her on the bed. 
Mosqueda told appellant to leave the house, which he did.  Mosqueda then threw appellant’s clothes on
the front porch.  Early Christmas
morning, appellant returned, still drunk and belligerent.  Again, he screamed at her and pulled her by
the hair, yelling at her to pick up his clothes.  She did, but refused to put them back on
hangers.  Appellant then told her, “You
have to do it, even if I have to kill you. 
I’ll take the baby to Mexico.” 
Appellant continued to threaten Mosqueda, drawing his gun and pointing
it at her.  Mosqueda picked up her baby
to shield her from appellant, who fired the gun.  A single bullet struck Nayeli, traveling
through her left arm, one of her lungs, and her heart.  She died instantly.

Realizing that the shot had struck his
daughter, appellant yelled, “No, not my baby,” and took her body from Mosqueda,
who dialed 911.  Appellant then fled the
scene.  He was later arrested and charged
with Nayeli’s death.

Extraneous Offenses

In his first point of error, appellant
contends the trial court erred in allowing the State to introduce evidence of
his prior verbal and physical abuse of Mosqueda.  Appellant argues that the evidence is
inadmissible under Rules 403 and 404(b) of the Texas Rules of Evidence in that
the admission of this evidence was for no other purpose than to prove action in
conformity with bad character.  We
disagree.  

In prosecutions for murder, Article 38.36
of the Code of Criminal Procedure provides in relevant part as follows: 








In all
prosecutions for murder, the state or the defendant shall be permitted to offer
testimony as to all relevant facts and circumstances surrounding the killing
and the previous relationship existing between the accused and the deceased,
together with all relevant facts and circumstances going to show the condition
of the mind of the accused at the time of the offense.

Tex. Code Crim. Proc. Ann. art. 38.36(a)
(Vernon 2003).  In Smith v. State,
the Court of Criminal Appeals held that evidence admissible under Article 38.36
must still meet the requirements of Rules 403 and 404(b).  5 S.W.3d 673, 679 (Tex. Crim. App. 1999). 

Evidence of an extraneous offense may be
admitted if it has relevance apart from its tendency to prove the character of
a person in order to show that he acted in conformity therewith.  See Tex.
R. Evid. 404(b).  Such evidence
has relevance apart from character conformity when it tends to establish some
elemental fact, such as proof of motive, intent, plan, or absence of mistake or
accident.  Id.; see also Montgomery v.
State, 810 S.W.2d 372, 387‑88 (Tex. Crim. App. 1990); Aitch v.
State, 879 S.W.2d 167, 174 (Tex. App.—Houston [14th Dist.] 1994, pet.
ref’d).  Although relevant, such evidence
may be excluded under Rule 403 if its probative value is substantially
outweighed by the danger of unfair prejudice. 
See Tex. R. Evid. 403. 
This analysis is to be conducted by the trial judge in light of the
unique facts and circumstances of each case, and will not be disturbed on
appeal unless it is outside the zone of reasonable disagreement.  See Montgomery, 810 S.W.2d at 391.








The State pursued a capital murder
prosecution against appellant under the theory of transferred intent, in which
a person can be criminally responsible for his action if the only difference
between what he desired and what actually occurred was that a different person
was injured, harmed, or otherwise affected. 
Tex. Pen. Code Ann. § 6.04(b)(2)
(Vernon 2003).  Prior to trial and
pursuant to the requirements of Rule 404(b), the State notified appellant that
it intended to use extraneous offenses committed by appellant against Mosqueda.  These extraneous offenses were instances in
which appellant hit, choked, or otherwise physically abused Mosqueda, including
one in September of 2002 in which appellant pulled a gun on Mosqueda, shoved
the gun into her stomach with enough force to bruise her, and threatened to
kill her.  At trial, the court allowed
direct testimony regarding the September incident and other general questions
about times when appellant threatened to kill Mosqueda if she called the
police.  In the jury charge, the court
instructed the jury that it could consider the admitted evidence only to
determine “the motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident of the defendant, if any, in
connection with the offense, if any, alleged against him in the indictment and
for no other purpose.”  During closing
arguments, appellant’s attorney argued the killing was unintentional and asked
the jury for a conviction on the lesser crime of manslaughter.

Appellant argues that 38.36 should not
apply in this case since the evidence regarded his relationship with Mosqueda
and not Nayeli, his victim.  Appellant
also argues that the evidence showed only that appellant was a “bad person” or
a “mean drunk” and had no relevance apart from proving his bad character.  With this argument we do not agree.  

In Dixon v. State, the defendant,
arguing self-defense, offered evidence regarding his altercation with his intended
victim.  634 S.W.2d 855 (Tex. Crim.
App. 1982).  The trial court excluded the
evidence on the grounds that former Penal Code Section 19.06[1]
applied only to the relationship between the accused and the deceased.  In its reversal of the trial court’s ruling,
the Court of Criminal Appeals said that “[w]e perceive no reason why the
foregoing rule does not apply to acts of the intended victim as well as to the
deceased.”  634 S.W.2d at 857.  Although the decision in Dixon referred
to evidence offered by the defendant, we believe Article 38.36 applies to
evidence offered by the State as well. 
Given the fact that the State pursued a capital murder conviction based
on the theory of transferred intent, the evidence of the previous bad acts was
therefore admissible under Article 38.36. 
  We also find the evidence
admissible under Rule 404(b) to prove both appellant’s intent to kill and
absence of mistake in attempting to kill Mosqueda, his intended victim.  Because appellant’s intent was at issue, the
probative value of appellant’s prior bad acts thus outweighs the danger of
unfair prejudice.  The evidence therefore
meets the requirements of Rule 403. 
Appellant’s first point of error is overruled. 

 








Ineffective Assistance of Counsel

In his second point of error, appellant
argues that the actions of his counsel, specifically, his counsel’s failure to
cross examine certain witnesses, to cross-examine other witnesses more in-depth,
to bring witnesses in appellant’s defense or to present any defensive theory at
all, and to object to inadmissible hearsay all constituted ineffective
assistance of counsel.  We disagree.  

The Sixth Amendment to the United States
Constitution guarantees the right to reasonably effective assistance of counsel
in criminal prosecutions.  U.S. CONST.
amend.  VI; McMann v. Richardson,
397 U.S. 759, 771 n.14 (1970).  To prove
a claim of ineffective assistance, an appellant must prove, by a preponderance
of the evidence, that his attorney’s representation was deficient in that it
fell below the objective standard of professional norms; furthermore, an
appellant must prove that a reasonable probability exists that, but for the
counsel’s deficiency, the outcome of the trial would have differed.  Strickland v. Washington, 466 U.S. 668, 687‑96 (1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  

Our review of defense counsel’s
representation must be highly deferential, presuming that appellant’s counsel’s
actions fell within the wide range of reasonable and professional
assistance.  Bone, 77 S.W.3d at
833; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Accordingly, to establish deficient
performance, a defendant must not only show that his trial counsel’s
performance fell below an objective standard of reasonableness but also must
rebut the presumption that his trial counsel's decisions were based on sound
trial strategy.  See Strickland,
466 U.S. at 689.  A finding of
ineffectiveness cannot be supported by second-guessing the strategy of trial
counsel through hindsight or by the fact that another attorney might have
pursued a different course.  Blott v.
State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); see also Sessums
v. State, 129 S.W.3d 242, 246 (Tex. App.—Texarkana 2004, pet ref’d). 








As to appellant’s allegations that the
failure of his counsel to cross-examine witnesses or present a defensive theory
constituted ineffective assistance of counsel, we find that the attorney’s
conduct did not fall below an objective standard of professional norms.  Given an emotional and tragic case such as
this, it is entirely reasonable or foreseeable that a defense attorney would
limit his cross-examination out of fear of alienating a jury or coming across
as too aggressive.  We decline to
second-guess appellant’s trial counsel’s strategy or inquire as to whether
another attorney would have pursued a different course.  Blott, 588 S.W.2d at 592.  Appellant therefore fails to meet
Strickland’s first prong in his argument concerning his attorney’s failure to
cross-examine or mount a defensive strategy. 
Strickland, 466 U.S. at 687.

Appellant’s allegations that his
attorney’s failure to object to inadmissible hearsay constitutes ineffective
assistance also fail to meet the Strickland test.  Appellant argues that testimony offered by
one of the officers at the scene of the murder and by Mosqueda contained
several instances of unobjected-to hearsay. 
An examination of the record raises a serious doubt as to whether the
testimony constitutes objectionable hearsay at all under Texas Rules of Evidence
801 and 803.  Even if the testimony did
constitute hearsay, and appellant’s trial counsel’s failure to object to the
testimony did meet the first prong of Strickland, appellant cannot show
that this failure to object raises the reasonable probability that, had the
attorney objected, the outcome would have differed.  Id. 
Appellant’s second point of error is therefore overruled.

We affirm the
judgment of the trial court.

 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed December 21, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.2(b).











[1]  Except for the
fact that former Texas Penal Code Section 19.06 applied to prosecutions for
manslaughter as well as murder, the rule was identical to its current form as
Article 38.36.  See Smith, 5
S.W.3d at 677.